**George SHULTZ, Secretary of State, et al., Appellants,**

v.

**James D. CROWLEY, et al.**

**No. 84–5667.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 12, 1986.

Charles A. Hobbie and Mark D. Roth were on appellees' petition for rehearing and suggestion for rehearing en banc.

ON APPELLEES' PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before WALD, Chief Judge; ROBINSON, MIKVA, EDWARDS, RUTH B. GINSBURG, BORK, STARR, SILBERMAN, BUCKLEY, WILLIAMS and D.H. GINSBURG, Circuit Judges; MacKINNON, Senior Circuit Judge.

ORDER

PER CURIAM.

Appellees' suggestion for rehearing *en banc* has been circulated to the full Court. No member of the Court requested the taking of a vote thereon. Upon consideration of the foregoing, it is

ORDERED, by the Court *en banc*, that the suggestion is denied.

Before BORK, Circuit Judge, and MacKINNON, Senior Circuit Judge.

ORDER

PER CURIAM.

Upon consideration of appellees' petition for rehearing, it is

ORDERED, by the Court, that the petition is denied.

Statements of Circuit Judge BORK and Senior Circuit Judge MacKINNON are attached.

Statement of Circuit Judge BORK:

In their petition for rehearing, appellees assert that the majority's decision in *Shultz v. Crowley*, 802 F.2d 498 (D.C.Cir. 1986), is inconsistent with *Center for Science in the Public Interest v. Regan*, 802 F.2d 518 (D.C.Cir.1986) (*CFSPI*) I think not and offer a brief explanation.

*Crowley* concerned the applicability of the Equal Access to Justice Act ("EAJA") to a fee application for a case the merits of which had been resolved before the EAJA's original 1981 effective date. Both the *Crowley* majority, 802 F.2d at 500, and its dissent, 802 F.2d at 505, recognized that, by the law of this circuit, pendency of a fee application alone on the EAJA's 1981 effective date does not permit invocation of the EAJA, *Nichols v. Pierce*, 740 F.2d 1249 (D.C.Cir.1984). Strict construction of the EAJA as a waiver of sovereign immunity requires this result. *Nichols*, 740 F.2d at 1255–59. The *Crowley* majority and dissent disagreed instead about the finality and appealability, and hence the pendency, of the merits of Crowley's case.

*CFSPI* held that a fee request pending on the effective date of the 1985 EAJA amendments is within the statutory meaning of "cases pending" to which the amended EAJA definition of the "position of the United States" applies, although the merits of the case for which fees are requested are not pending on that date (but were pending on the 1981 effective date of the original EAJA). Since in amending the definition of "position of the United States" Congress intended merely to "clarify" the original EAJA, the panel found that application of this amendment to pending fee requests in cases whose merits are not pending would not constitute a waiver of sovereign immunity requiring strict statutory construction. *CFSPI*, 802 F.2d at 523–24; *accord Russell v. National Mediation Board*, 775 F.2d 1284, 1288 (5th Cir. 1985). In making this finding, the *CFSPI* panel expressly distinguished the *Nichols* decision, and therefore *a fortiori* the *Crowley* decision in pertinent part, as turning on sovereign immunity concerns irrelevant to the provision of the EAJA's 1985 amendments at issue in *CFSPI*. *CFSPI*, 802 F.2d at 524 n. 11.

No conflict exists, therefore, between *CFSPI*'s holding that a fee application alone is a "case pending" for some 1985 EAJA amendment purposes and *Crowley*'s holding, following *Nichols*, that a fee application alone is not a "case pending" for purposes of the original 1981 EAJA.

MacKINNON, Senior Circuit Judge (concurring).

While I continue in the belief that the merits of the case, along with the fee application, were pending on October 1, 1981 for reasons set forth in my dissent, I recognize that at least for the time being, the law of the case is set forth in the majority opinion and that is presently controlling. I therefore concur in Judge Bork's statement denying appellees' motion for rehearing and do not suggest *en banc* hearing since the proceeding in my opinion does not involve a question of exceptional importance within the meaning of F.R.App.P. 35(a).